IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL S. HOLMES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 2:16-cv-2438 |
| ) | No. 2:94-cr-20179 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER**

Before the Court is Movant Michael S. Holmes' June 16, 2016 Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 1.) The United States of America (the "Government") responded on April 26, 2019. (ECF No. 12.) Holmes replied on May 6, 2019. (ECF No. 13.)

For the following reasons, the Court DENIES Holmes' motion and GRANTS Holmes a certificate of appealability ("COA").

**I. Background**

In February 1995, Holmes pled guilty to attempting to possess nine kilograms of cocaine with intent to distribute. See United States v. Holmes, 142 F.3d 437 (6th Cir. 1998). The Court sentenced Holmes as a career offender under the United States Sentencing Guidelines (the "Guidelines"). (See No. 2:94-cr-20179, ECF Nos. 115, 154.) The Court based the career offender

enhancement on two predicate convictions, one of which was for Tennessee sexual battery. (Id.)

Holmes appealed his sentence on various grounds. See Holmes, 142 F.3d 437. He did not challenge his career offender status. Id. The Sixth Circuit affirmed Holmes' sentence. Id. The Supreme Court denied certiorari. Holmes v. United States, 525 U.S. 954 (1998). Holmes then filed two unsuccessful § 2255 motions. See In re: Michael Holmes, No. 14-5776 (6th Cir. 2014).

In March 2016, Holmes asked the Sixth Circuit for an order authorizing him to file a third § 2255 motion. (ECF No. 5 at 22.)[1] Holmes contended that -- after Johnson v. United States, 135 S.Ct. 2551 (2015) -- his Tennessee sexual battery conviction could no longer serve as a predicate conviction for career offender status, and that, as a result, his sentence was invalid. In re: Michael Holmes, No. 16-5359 (6th Cir. 2016). While his request was pending, Holmes filed his third § 2255 motion on June 16, 2016. (ECF No. 1.) In August 2016, the Sixth Circuit authorized Holmes to file a third § 2255 motion. In re: Michael Holmes, No. 16-5359

## II. Analysis

### A. Holmes' Motion

Binding precedent makes Holmes' motion untimely.

---

[1] Unless otherwise noted, all pincites to record citations are to the "PageID" number.

2

Generally, a § 2255 motion must be filed within a year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Holmes' conviction became final almost twenty years ago, when the Supreme Court declined to hear his case. Holmes relies on an exception to this general rule: a § 2255 motion remains timely if it is filed within a year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. § 2255(f)(3).

Holmes contends that Johnson, decided less than a year before he filed his motion, made the newly recognized right he asserts retroactively applicable on collateral review. Thus, he contends he has been denied the right not to be sentenced under an unconstitutionally vague sentencing provision.

Holmes was sentenced as a career offender before the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). The Guidelines were still mandatory. Then, as now, a court could classify a defendant as a career offender only if the defendant had at least two prior felony convictions for either a controlled substance offense or, as relevant here, a "crime of violence." See U.S.S.G. § 4B1.1; Chambers v. United States, 763 F. App'x 514, 519 (6th Cir. 2019) (Moore, J., concurring in the judgment), petition for reh'g en banc filed, No. 18-3298 (6th Cir. Apr. 8,

3

2019). When Holmes was sentenced, the Guidelines' definition of a "crime of violence" had a residual clause. In addition to specific crimes like arson and extorsion, a "crime of violence" included any crime that "involves conduct that presents a serious potential risk of physical injury to another."[2] Chambers, 763 F. App'x at 519 (Moore, J., concurring in the judgment). In Johnson, the Supreme Court held that the identically worded residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. 135 S.Ct. at 2563. The Court later held that Johnson has retroactive effect in cases on collateral review. Welch v. United States, 136 S.Ct. 1257, 1265 (2016).

Holmes contends that the Guidelines' residual clause was the only provision that could have made his Tennessee sexual battery conviction a predicate career offender conviction, that Johnson rendered the Guidelines' residual clause unconstitutionally vague, that his enhanced sentence is accordingly invalid, and that his motion is timely because he filed it within a year of Johnson.

Raybon v. United States, 867 F.3d 625 (6th Cir. 2017), forecloses Holmes' argument. The movant in Raybon was in the same position as Holmes and made the same argument Holmes makes. The movant had been sentenced as a career offender under the pre-

---

[2] The Sentencing Commission has since deleted the residual clause from the Guidelines. See generally U.S.S.G., Supplement to Appendix C, Amend. 798, at 118–21 (2018).

4

Booker Guidelines. Raybon, 867 F.3d at 627. He sought relief under § 2255. Id. at 628. He argued that, because Johnson held the ACCA's residual clause unconstitutional, his predicate career-offender conviction no longer qualified as a crime of violence under the Guidelines' identically-worded residual clause. Id. He argued that his § 2255 motion was timely because he filed it within a year of Johnson. Id. at 629.

The Sixth Circuit rejected the movant's argument. Id. at 630. It held that, after Beckles v. United States, which decided that Johnson did not apply to the advisory Guidelines, 137 S.Ct. 886, 894 (2017), whether Johnson applied to the mandatory Guidelines was "an open question." Raybon, 867 F.3d at 629. The Sixth Circuit noted that the Beckles majority opinion repeatedly said it was not addressing the mandatory Guidelines scheme and that Justice Sotomayor "made [that] point clear" in her concurring opinion. Id. at 629-30; see also Beckles, 137 S.Ct. at 903 n.4 ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [Booker] . . . may mount vagueness attacks on their sentences.") (Sotomayor, J., concurring in the judgment). Because Johnson's application to the mandatory Guidelines was an open question, it was not a new right recognized by the Supreme Court. Raybon, 867 F.3d at 630. Johnson did not provide a point from

5

which to measure the one-year limitations period for the movant's § 2255 motion. The Sixth Circuit therefore found the movant's motion untimely. Id.

Raybon is binding. Johnson does not provide a point from which to measure the one-year limitations period for Holmes' motion. Because it was filed nearly twenty years after Holmes' conviction became final, Holmes' motion is time-barred. It is DENIED.

**B. Appealability**

Holmes asks that the Court grant a COA. No § 2255 movant may appeal without a COA.

The Court denied Holmes' motion on the procedural ground that it was untimely. When a district court denies a § 2255 motion "on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Reasonable jurists could debate whether Johnson applies to the pre-Booker Guidelines and could therefore debate whether Holmes' motion was untimely. Although Raybon binds the Court, reasonable jurists could disagree about whether that case was

correctly decided. In fact they have. See Chambers, 763 F. App'x at 519 (Moore, J., concurring in the judgment) ("Raybon was wrong . . . . We should accept the invitation to rehear this case en banc and overturn Raybon."); Moore v. United States, 871 F.3d 72, 82-83 (1st Cir. 2017). Holmes' initial appeal will likely fail unless the Sixth Circuit overrules Raybon before Holmes' appeal is decided. Holmes would still be able to pursue his arguments through a petition for rehearing en banc in the Sixth Circuit or a petition for writ of certiorari to the Supreme Court. Reasonable jurists at either stage could find in Holmes' favor. The Court therefore GRANTS a COA.

**III. Conclusion**

For the foregoing reasons, Holmes' motion is DENIED. A COA is GRANTED on whether the motion is time-barred.

So ordered this 7th day of June, 2019.

/s/ Samuel, H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE